# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:16-76-2(SS) |
| | § | |
| NAVEED RASHEED SHIKE, | § | |
|   Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Naveed Rasheed Shike's Motion to Dismiss the Indictment (D.E. 134), to which the United States of America (the "Government") has responded (D.E. 135).

The Second Superseding Indictment alleges in Count One that, between January 2, 2016, and May 31, 2017, Defendant and others knowingly conspired to possess with intent to distribute "a synthetic cannabinoid mixture and substance containing a detectable amount of FUB-AMB, a Schedule I controlled substance analogue as defined in Title 21, United States Code, Section 802 (32), knowing that the substance was intended for human consumption . . . ." D.E. 92, p. 1. Count Two alleges that on or about September 19, 2016, Defendant knowingly possessed with intent to distribute "a synthetic cannabinoid mixture and substance containing a detectable amount of FUB-AMB, a Schedule I controlled substance analogue as defined in Title 21, United States Code, Section 802 (32), knowing that the substance was intended for human consumption . . . ." *Id.*, p. 2.

Defendant moves to dismiss the Second Superseding Indictment on the grounds that FUB-AMB did not become a controlled substance until it was placed in Schedule 1 on November 3, 2017. *See* 21 C.F.R. Part 1308 [Docket No. DEA-472]. Because the Government cannot retroactively apply the controlled substance designation, Defendant claims he cannot be charged with criminal conspiracy related to FUB-AMB between January 2, 2016, and May 31, 2017, or with possession of FUB-AMB on September 19, 2016.

The Government responds that the Second Superseding Indictment alleges FUB-AMB is a "controlled substance *analogue*." Such analogues are "slightly modified drugs" that "have the same effects and dangers as scheduled controlled substances." *United States v. Hodge*, 321 F.3d 429, 432 (3d Cir. 2003). Under the Controlled Substance Analogue Enforcement Act (CSAEA), controlled substance analogues are treated as Schedule I controlled substances "to the extent intended for human consumption." 21 U.S.C. § 813. Thus, the offenses of possession and conspiracy to possess with intent to distribute controlled substances include all controlled substance analogues intended for human consumption. *See id.*; 21 U.S.C. §§ 846, 841.

The Government explains that whether or not FUB-AMB is a controlled substance analogue is an issue of fact for trial, and the indictment need only allege that FUB-AMB is a "controlled substance analogue" as defined by 21 U.S.C. § 802(32) in order to satisfy Rule 12(b). *See United States v. Desurra*, 868 F.2d 716, 717 (5th Cir. 1989; *United States v. Sullivan*, 2011 WL 3957425, at *2 (D. Neb. Aug. 27, 2011). Nonetheless, it is the opinion of the Government's DEA expert that FUB-AMB is an analogue of the synthetic cannabinoid AB-FUBINACA, which was placed in Schedule I on February 10, 2014. *See* 21 C.F.R. Part 1308 [Docket No. DEA-385]; D.E. 135-3.

Because AB-FUBINACA was a Schedule I controlled substance at all times between January 2, 2016, and May 31, 2017, Defendant's claim that the Second Superseding Indictment fails to allege a crime is without merit. Accordingly, Defendant's Motion to Dismiss the Indictment (D.E. 134) is **DENIED**.

It is so **ORDERED** this 5th day of September, 2019.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE